■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL NATELSON, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County, imposed November 5, 1976. Sentence affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OVERSTOCK BOOK COMPANY, INC., Also Known as TIMELY BOOKS, Also Known as BEAUTIFUL BOOKS, and ROBERT BROWN, Appellants.—Two judgments of the County Court, Suffolk County, one rendered March 19, 1976 as to defendant Overstock Book Company, Inc., and the other rendered April 2, 1976 as to defendant Robert Brown, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Margett, Acting P. J., Hawkins, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RODRIGUEZ, True Name JOSEPH A. JUSINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 5, 1973, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Appeal dismissed upon the ground that the defendant is not presently available to obey the mandate of this court (see *People v Parmaklidis,* 38 NY2d 1005). In a letter to this court, counsel for the defendant stated that the defendant has "absconded from furlough from Fishkill Correctional Facility", his place of incarceration. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VALENZUELA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 21, 1975 (the date on the clerk's extract is July 3, 1975), convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The record shows no application made by defendant or his trial counsel to withdraw the plea of guilty. The contention that Criminal Term should have given the defendant an opportunity to withdraw his guilty plea, when it ascertained that defense counsel was ignorant of defendant's narcotics addiction at the time of entry of the guilty plea, is without merit. The record reveals that the court diligently made clear to the defendant that he was going to be sentenced to a term of imprisonment. Further inquiry by Criminal Term as to any possible status of the defendant as a narcotics addict was not required. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.